# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON A. WALOWAY,

    Plaintiff,

  -vs-                                  Case No. 15-CV-722

MARINETTE COUNTY, et al.,

    Defendants.

## DECISION AND ORDER

Jason A. Waloway filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and for screening of the plaintiff's complaint (ECF No. 1).

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On June 23, 2015, the Court assessed an initial partial filing fee of $34.39. (ECF No. 7.) The plaintiff paid that fee on July 2, 2015. Accordingly, the Court grants the plaintiff's motion to proceed *in forma pauperis*. The Court notes that the plaintiff is no longer incarcerated, so monthly deductions from his prisoner account to pay the remainder of the filing fee are not possible.

Therefore, it is now the plaintiff's responsibility to continue to make the payments necessary to satisfy the balance of the filing fee ($315.61).

With regard to screening the plaintiff's complaint, the Court must dismiss a complaint if a prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous or malicious if it has no arguable basis in law or fact, or if the petitioner is unable to make any rational argument in law or fact that would entitle him to relief. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The Court has the authority to dismiss any claim based on an indisputably meritless legal theory and any claim whose factual contentions are clearly baseless.

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will

<br>

- 2 -

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

<br>

not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support his legal conclusions with factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir.

2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff was formerly incarcerated at Redgranite Correctional Institution; however, he is currently under active community supervision. According to the complaint, various people, including Marinette police officers, judges, and district attorneys, conspired to "set [the plaintiff] up on murder charges of [his] cousin's [sic] John Kregal, Joshua Borkavec and forced [him] to sign plea deal 99CF49 & 98CF200 and they harassed and threatened [him] and [his] brother, family and people that [he] associated with . . . ." (ECF No. 1 at 3.) The plaintiff contends that the harassment has continued through to the present.

The plaintiff is suing Marinette County, the Peshtigo Police Department, Jim Kanicula, Richard Badgley, Jim Albright, Tom Strouf, and Thomas Hartwig. The plaintiff asks for compensatory damages in the amount of $10,000,000,000 and punitive damages in the same amount.

The plaintiff's complaint is deficient in numerous respects and will be dismissed. First, the complaint is impermissibly vague, containing only unsupported legal conclusions, which are not entitled to the assumption of truth. He alleges a vast "conspiracy" with unrelenting "harassment," but he sets forth no factual content that would allow the court to draw the reasonable inference that the defendants are liable for the alleged

misconduct. Without more, the complaint fails to state a claim and must be dismissed.

Second, to the extent the plaintiff is alleging that the defendants violated his rights by making false statements or conspiring to procure a confession for a crime he did not commit, his claims are barred by *Heck v. Humphrey* until his conviction on those crimes are set aside. 512 U.S. 477 (1994); *see Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014).

Finally, even if those hurdles could be overcome, much of the conduct plaintiff complains about occurred far outside of Wisconsin's six-year statute of limitations and therefore is time-barred. Wis. Stat. § 893.53. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997). The plaintiff alleges he was forced to enter pleas on cases that originated in 1999, more than a decade ago, but he may not pursue claims that occurred prior to June 16, 2009.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS ALSO ORDERED** that the plaintiff shall pay the $315.60 balance of the filing fee. Payments shall be clearly identified by the case name and number assigned to this action and forwarded to the Clerk of Court.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDCE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2015.

        **BY THE COURT:**

        */s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**

- 6 -

Case 2:15-cv-00722-RTR   Filed 07/31/15   Page 6 of 6   Document 12